UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MIRANDA,<br><br>        Petitioner,<br><br>   v.<br><br>JASON SCHULTZ,<br><br>        Respondent. | Case No.  2:25-cv-2010-JDP (P)<br><br>ORDER |

      Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 1.  His petition fails to state an intelligible federal habeas claim, however, and it appears well past the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  I will dismiss the petition with leave to amend so that petitioner may explain why this action should still proceed.

      The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

Petitioner was sentenced in 1999, approximately twenty-five years before this petition was filed. ECF No. 1 at 1. Thus, his petition is untimely under AEDPA's one-year statute of limitations. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) ("AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court."). Petitioner offers no argument that any tolling is justified, and, indeed, twenty-five years of tolling would be extremely difficult to obtain.

Additionally, the substance of petitioner's argument is unintelligible. He appears to argue that he is a "sovereign redemptionist" who is protected by "sovereign immunity." ECF No. 1 at 5. Such arguments are frivolous and unsupported by law.

Out of an abundance of caution, I will give petitioner one opportunity to amend before recommending dismissal of the case. Petitioner may file a new petition that addresses these deficiencies and explains why, if at all, his claims should proceed.

Accordingly, it is ORDERED that:

1. The petition, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send petitioner a habeas petition form with this order. If he files an amended complaint, he must use this form.

5. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   September 2, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE