UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MIRANDA, | Case No. 2:25-cv-2010-JDP (P) |
| Petitioner, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| JASON SCHULTZ, | |
| Respondent. | |

      Petitioner, a state prisoner, brings this action under section 2254. I dismissed his initial petition because it was unintelligible and likely time-barred. ECF No. 8. Petitioner has filed an amended petition, ECF No. 9. After review of the amended petition, I find that it also fails to state a cognizable federal habeas claim. Accordingly, I now recommend that the petition be dismissed without leave to amend. I will also deny petitioner's motion regarding constitutional rights, ECF No. 10, and motion to advance, ECF No. 11.

      The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1     Petitioner's raises two sets of claims. First, he argues that he is entitled to sentencing relief under California law, specifically Senate Bills 260 and 672. ECF No. 9 at 4. Claims implicating only state law are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted). These claims appear to challenge the severity of his sentence, 15 years to life, and argue that its imposition on a juvenile was excessive. As noted in my previous order, however, the Anti-Terrorism and Effective Death Penalty Act contains a one-year statute of limitations for federal habeas actions. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) ("AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court."). Petitioner was convicted in 1999, and he has not offered any justification for the lengthy delay in filing this suit. *Miller vs. Alabama*, perhaps the most relevant Supreme Court decision, was decided in 2012. 567 U.S. 460 (2012). Plaintiff has not offered any justification for delaying until now, more than twenty years after his conviction was finalized, to bring this habeas action.

    Petitioner's second claim is too vague to be cognizable. He has titled it "federal claims; constitutional entitlements neglected," but he does not explain what constitutional rights he is referencing. ECF No. 9 at 5. In a separate motion, petitioner appears to argue that his sentence, imposed on a juvenile, violated his Eighth Amendment rights. ECF No. 10 at 1. Since his sentencing, however, California has passed measures providing such offenders with an opportunity for parole after twenty-five years of imprisonment. *See People v. Franklin*, 63 Cal. 4th 261, 268-69 (2016).

    I have already afforded petitioner an opportunity to amend, and he is no closer to presenting a cognizable federal habeas claim. Accordingly, I now recommend that this action be dismissed.

    Accordingly, it is ORDERED that:

1. The Clerk of Court shall assign a district judge to this action.
2. Petitioner's motions, ECF Nos. 10 & 11, are DENIED.

Further, it is RECOMMEND that the amended petition, ECF No. 9, be DISMISSED

2

without leave to amend for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 17, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE